# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Blake L. Anderson, | Case No.: 2:19-cv-00273-JAD-VCF |
| Petitioner | **Ordering Denying In Forma Pauperis Application and Dismissing Case Without Prejudice** |
| v. | |
| Eighth Judicial District Court, et al., | [ECF No. 1] |
| Respondents | |

Petitioner has filed an application to proceed *in forma pauperis* together with an initial pleading styled as a "Mandamus or Prohibition."[1] It appears that petitioner is attempting to seek relief from this court in relation to a criminal proceeding against him in the Eighth Judicial District Court for Nevada that resulted in a judgment of conviction entered in May 2018 and is currently pending on appeal in the Nevada Supreme Court.

This matter has not been properly commenced because the pauper application does not include all required attachments. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2, a petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate. Petitioner has not complied with either requirement. The application is therefore incomplete. Thus, this action will be dismissed without prejudice to petitioner's ability to file a new petition in a new action with the filing fee ($5.00) or a proper application to proceed *in forma pauperis*.[2]

---

[1] ECF No. 1.

[2] The court takes judicial notice of the fact that petitioner has failed to meet this requirement, of which he has been notified in at least two prior cases in this court. *See* 3:18-cv-00502-HDM-WGC and 3:18-cv-00414-MMD-CBC.

Petitioner is also advised that this court's ability to intervene in a state criminal proceeding or set aside a state court's judgment of conviction are limited by the exhaustion doctrine and the abstention doctrine in *Younger v. Harris*.[3] To satisfy the exhaustion requirement, a claim brought in this court must have been fairly presented to the state courts completely through to the highest court available.[4] Under the abstention doctrine, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances.[5]

IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** WITHOUT PREJUDICE to the filing of a new petition in a new action with either payment of the filing fee or a properly completed pauper application. Petitioner's application to proceed *in forma pauperis* **[ECF No. 1] is DENIED.** The Clerk of Court is directed to ENTER JUDGMENT accordingly and close this case.

IT IS FURTHER ORDERED that a certificate of appealability is denied because jurists of reason would not find the court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

IT IS FURTHER ORDERED that the Clerk is directed to SEND petitioner two copies

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

[4] *E.g.*, *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[5] *See, e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969).

each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form and one copy of the instructions for each form.

Dated: February 19, 2019

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE